Sullivan, J.
By this action of contract the plaintiffs sue to recover a sewer assessment paid by them to the town of Swampscott levied upon real estate situated in that town which they bought of the defendant by virtue of a warranty deed.
This cause was tried upon an agreed statement of facts which are as follows:
“On August 1, 1931 the plaintiffs, as tenants by the entirety, purchased from the defendant, by a warranty deed *311 executed and delivered on said date and recorded with Essex, South District Deeds on August 3rd, 1931, certain premises located on Aspen Road, Swampseott, Massachusetts, more particularly described in a copy of the deed attached to the plaintiff’s declaration. The warranty deed recited that the premises in question were conveyed subject to certain restrictions, a first mortgage, taxes for the year 1931, water rates and interest on the first mortgage. By the vote of.the Town of Swampseott, at a special town meeting, held February 24, 1931, the construction of a sewer in Aspen Road, Swampseott was authorized and on September 25, 1931, a statement was recorded in the Registry of Deeds for the Southern District of Essex County, signed by the members of.the Swampseott Board of Water and Sewerage Commissioners of the Town of Swampseott as follows: ‘ By virtue of the authority conferred by law and by vote of the Town of Swampseott at a special town meeting held February 24, 1931, said Town of Swampseott and the Board of Water and Sewerage Commissioners of the Town of Swampseott have laid out, determined to construct, and constructed sewers in. the following streets and ways — (listing among other streets and ways Aspen Road)’.”
The Town levied a sewer assessment in the sum of One hundred thirty dollars on the premises in question which was paid by the plaintiffs on. October 15, 1932.
The single question presented to the trial court was the plaintiffs’ right of recovery for the payment of the assessment.
The defendant filed the following requests for rulings :
1. That upon the evidence and the law the plaintiffs cannot recover for the reason that no breach of warranty has been established in evidence.
_ 2. That upon all the law and the evidence the plaintiffs cannot recover because of the fact that no effec *312 tive lien existed upon the property in question at the date of the deed from the defendant.
3. That upon all the law and the evidence there should be a finding for the defendant because of the provisions of G. L. c. 80, §12, and G. L. c. 83, §27.
4. That upon all the law and the evidence there should be a finding for the defendant because of the fact that no statement or lien was recorded at the Registry of Deeds at the time of the execution and delivery of the deed from the defendant. ’ ’
In denying these requests the trial judge stated that “All requests denied as not applicable to facts found by me.”
There was a finding for the plaintiff for the amount set out in the declaration.
The report contains all the evidence material to the issues involved.
The governing statute in this case is Gr. L. (Ter. Ed.) c. 83 §27, the material portions applicable to the issue are as follows: “Whenever . . . the selectmen ... of a town lay out ... a sewer ... in a public way . . . they shall forthwith cause to be recorded in the registry of deeds of the county ... in which such . . . town is situated a statement of their action . . . All assessments made or charges imposed under this chapter upon any land which abuts upon any such way in which such sewer, ... is located shall constitute a lien upon such land from the time such statement is recorded.”
Under the Revised Laws, c. 49, §§32 and 33, such assessments created a lien from the date of the order making improvements. But by Chapter 257, §215 of the Acts of 1918, said section 33 was stricken out and a new section 33 enacted, which provided that the intention to construct shall be recorded in the registry of deeds and that assessments imposed thereunder, shall constitute a lien upon the land from the time such statement is recorded. This provision is now G. L. (Ter. Ed.) c. 83, §27.
*313 The cases cited by the plaintiff contending that there is a breach of warranty and that they are entitled to prevail in this canse antedate the passage of said statute of 1918 and therefore are not pertinent.
The plaintiffs accepted title August 1, 1931 and recorded the warranty deed with Essex South District Deeds August 3,1931. The vote of the Town of Swampscott on February 24, 1931 authorized the construction of the sewer in Aspen Road and seven months thereafter, on September 25, 1931, the statement of such intention to construct the sewer was recorded with the registry of deeds in the county in which the land lay. At this time the plaintiffs were in possession of the premises more than seven weeks. Under G. L. (Ter. Ed.) c. 83, §27 such assessment had not attached to the land when the deed was given and therefore the land was free from the incumbrance which is the basis of the plaintiffs’ claim.
Furthermore under G. L. (Ter. Ed.) c. 80, §12 “Assessments made under this chapter shall constitute a lien upon the land . . . The lien shall take effect upon the recording of the order stating that betterments are to be assessed for the improvement ... .”
In Nichols on Taxation (1922 Edition) at page 745, it is stated that “since January 1,1921 no lien can arise without the filing of an order at the Registry of Deeds, either in the case of a betterment assessment or an assessment for the construction of sewers.” For a further discussion see pages 724, 725-.
We have examined all the cases cited by the plaintiffs.
It was prejudicial error to deny the defendant’s requests for rulings. ....
The finding for the plaintiffs is vacated and a finding for the defendant will be entered.